# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERRER, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>SHARKNINJA OPERATING LLC,<br><br>                                    Defendant. | Case No.:  25-cv-00535-DMS-GC<br><br>**ORDER GRANTING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 25]** |

Before the Court is the parties' Joint Motion to Amend Scheduling Order.  (ECF No. 25.)  The parties request an approximate 90-day extension of all deadlines in the Scheduling Order.  The Court finds the parties have only established good cause for a 60-day extension. Accordingly, the Joint Motion is **GRANTED IN PART**, and the Scheduling Order (ECF No. 24) is modified as follows:

1.    Plaintiff's class certification motion must be filed by **October 27, 2026**. Counsel for the moving party must review the chambers rules of the assigned District Judge for any specific instructions.

///

25-cv-00535-DMS-GC

2. All fact discovery shall be completed by all parties by **November 24, 2026**.[1] "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.

**Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. Discovery disputes must be brought to the Court's attention in the time and manner required by § IV(A)–(D) of Judge Cabrera's Chambers Rules. **All discovery disputes concerning written discovery must be raised within 30 days of the event giving rise to the dispute**, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Cabrera Chambers R. § IV(A)–(D). **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3. The parties shall designate their respective experts in writing by **December 22, 2026**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **January 5, 2027**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

///

---

[1] Discovery is not bifurcated. Both merits and class certification discovery are open.

4.     By **February 2, 2027**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

5.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **February 16, 2027**.

6.     All expert discovery shall be completed by all parties by **March 9, 2027**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7.     Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8.     All other pretrial motions must be filed by **April 6, 2027**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

///

///

///

///

///

25-cv-00535-DMS-GC

9. A Mandatory Settlement Conference ("MSC") will be held by <u>video conference</u>[2] on **December 14, 2026** at **2:00 PM** before **Magistrate Judge Guillermo Cabrera**. <u>Mandatory directions for participating in the MSC by video conference are attached</u>. The purpose of the MSC is to permit an informal, candid discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case. All MSC discussions will be off the record, privileged, and confidential. *See* CivLR 16.3(h). <u>If the parties believe it would be productive, the parties may request an earlier settlement conference at any time by placing a joint call to chambers or by lodging a joint email to efile_cabrera@casd.uscourts.gov.</u>

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[3] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

---

[2] The parties may request that the MSC be converted to an in-person conference informally by placing a joint call to chambers or by lodging a joint email to efile_cabrera@casd.uscourts.gov. Counsel must meet and confer prior to any such request.

[3] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

25-cv-00535-DMS-GC

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

10.  No later than **December 7, 2026**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Cabrera's chambers via e-mail at efile_Cabrera@casd.uscourts.gov.  MSC statements are not to exceed **10 pages**, exclusive of exhibits.  If any statement exceeds 40 pages with exhibits, a courtesy copy is required.  MSC statements may be submitted confidentially or shared with an opposing party at the submitting party's discretion.  The parties' MSC statements shall include:

a.  <u>Contact information for each participant</u>, including: (i) the name and title of each participant, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation; (ii) an e-mail address for each participant to receive the Zoom video conference invitation; and (iii) a telephone number where each participant may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.

b.  <u>Substance of the Suit</u>:

i.  A brief statement of the facts of the case.

ii.  The claims and material defenses, including the statutory or other grounds upon which the claims and defenses are founded.

iii.  A summary of the significant proceedings to date, including a list of the substantive motions previously made, their dispositions, and any pending motions.

iv.  A statement of facts not reasonably in dispute.

v.  A list of the key facts in dispute and the specific evidence

25-cv-00535-DMS-GC

relevant to a determination of those facts.

    vi.     Any discrete issue(s) that, if resolved, would facilitate the resolution of the case.

    vii.    A brief statement of the issues of law with respect to liability and damages. The statement should be supported by legal authority, but extended legal argument is not necessary.

    c.   Relief Sought: A statement of the relief sought (for the plaintiff and any counter- or cross-claimants), including an itemization of damages and any other non-monetary relief.

    d.   Settlement Discussions: A description of the history and status of any settlement negotiations, including the formal settlement proposal required below.

11. No later than **November 23, 2026**, the plaintiff must serve on the defendant a written settlement proposal with a specific demand amount and any other material terms. The defendant must respond to the plaintiff in writing with a specific settlement offer prior to the meet and confer discussion required below.  The parties should not file or copy the Court on these exchanges.  Rather, the parties must include their written settlement proposals in their respective MSC statements.

12. No later than **November 30, 2026**, counsel for the parties must meet and confer in person or telephonically (not by e-mail) and discuss the following: (a) who will attend the MSC on behalf of each party, including counsel, client representative(s) with full settlement authority, and any insurance representative(s); (b) identification of any persons or entities, such as a board of directors, who must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process; and (c) insurance coverage available to cover all or part of the claimed losses or to fund all or part of any party's defense, and status of any tenders for coverage.

///

///

25-cv-00535-DMS-GC

13.    Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **July 16, 2027**.

14.    Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 16, 2027**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

15.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **July 23, 2027**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

16.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **July 30, 2027**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

17.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 6, 2027**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

18.    The final Pretrial Conference is scheduled on the calendar of the **Honorable Dana M. Sabraw** on **August 13, 2027** at **10:30 AM**.  The trial is scheduled to start on **September 13, 2027** at **9:00 AM**.

19.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

25-cv-00535-DMS-GC

20.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

21.    The dates and times set forth herein will not be modified except for good cause shown.

22.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

23.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  July 1, 2026

_____

Hon. Guillermo Cabrera
United States Magistrate Judge

25-cv-00535-DMS-GC

**<u>Mandatory Directions for Zoom Video Conference Participation</u>**

1.      The Court will use its official ZoomGov video conferencing account to hold the MSC.  **IF YOU ARE UNFAMILIAR WITH ZOOM:**  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[4]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[5]  There is a cost-free option for creating a Zoom account.

2.      Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference.  Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**.  Zoom may then prompt participants to enter the password included in the invitation.  All participants will be placed in a waiting room until the MSC begins.

3.      Each participant should plan to join the Zoom video conference **at least <u>5 minutes</u> before** the start of the MSC to ensure that the MSC begins on time.

4.      Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC.  That is, the Court will begin the MSC with

---

[4]     If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[5]     For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

25-cv-00535-DMS-GC

all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5.    As previously stated, MSCs are confidential court proceedings.  All attendees must participate from a private and stable location where no individual who is not a party, a party representative, or an attorney for a party can overhear the proceedings.  All attendees must be prepared to devote their full attention to the MSC as if they were attending in person.  This means that attendees must clear their schedules of all conflicts for the entire period of the MSC.[7]  Attendees may not participate from a moving car or a public space.

6.    All participants are expected to display the same level of professionalism and civility as they would at an in-person court proceeding.  *See* CivLR 2.1; J. Cabrera Chambers R. § II.

///

------

[6]    For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

[7]    MSCs are ordinarily scheduled for three hours but may last considerably longer.

25-cv-00535-DMS-GC